Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| SALUSTIANO ÁLVAREZ MÉNDEZ, ET. ALS.<br><br>RECURRIDOS<br><br>v.<br><br>JOSÉ ARTURO ÁLVAREZ GALLARDO, ET. ALS.<br><br>PETICIONARIOS | TA2025CE00654 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2021CV05977<br><br>Sobre: Sentencia Declaratoria |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Bonilla Ortiz y el Juez Pagán Ocasio.

Pagán Ocasio, juez ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 10 de noviembre de 2025.

## I.

El 21 de octubre de 2025, Méndez & Co., Inc., el señor José Arturo Álvarez Gallardo, el señor Carlos Álvarez Méndez, el señor Pablo José Álvarez Muñoz y el señor Manuel H. Dubón Otero (en conjunto, parte peticionaria), presentaron digitalmente una *Petición de Certiorari* solicitando que revoquemos la *Orden* emitida por el Tribunal de Primera Instancia (TPI o foro primario) el 13 de junio de 2025, notificada y archivada digitalmente en autos el 16 de junio de 2025.[2] Mediante dicho dictamen, el TPI determinó que las planillas de contribución sobre ingresos de la parte recurrida no son pertinentes a la controversia por lo que declaró No Ha Lugar la solicitud para que se descubran.

Por su parte, el 24 de octubre de 2025, la parte recurrida presentó una *Moción de Desestimación de Petición de Certiorari por*

---

[1] Véase Orden Administrativa OATA-2025-210 del 22 de octubre de 2025.

[2] Véase Entrada Núm. 362 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

*Falta de Jurisdicción,* alegando que el dictamen no es susceptible de revisión.[3]

El 3 de noviembre de 2025, la parte peticionaria presentó una *Oposición a "Moción de Desestimación de Petición de Certiorari por Falta de Jurisdicción,* en la que alegó que este Tribunal sí tiene jurisdicción para considerar el recurso por lo que solicitó que lo expidamos.[4]

Contando con el beneficio de la comparecencia de las partes, damos por perfeccionado el caso y pormenorizamos los hechos procesales más relevantes para la atención del recurso.

**II.**

El caso de marras tuvo su génesis el 15 de septiembre de 2021, cuando la parte recurrida presentó una *Demanda* sobre sentencia declaratoria, cumplimiento específico de obligaciones fiduciarias, destitución de fiduciario y daños y perjuicios por acciones antijurídicas en contra de la parte peticionaria y Chubb Insurance Company.[5]

Posteriormente, el 17 de agosto de 2024, la parte recurrida presentó una *Tercera Demanda Enmendada.*[6] En síntesis, alegó que la parte peticionaria violó su deber fiduciario con relación al tratamiento contributivo. Adujo que el trato contributivo adoptado por la parte peticionaria para la distribución de utilidades de Méndez & Co., Inc. es ilegal, violenta el contrato de fideicomiso y las obligaciones fiduciarias de los demandados individuales y menoscaba sus intereses.

El 1 de noviembre de 2024, el señor Pablo José Álvarez Muñoz, el señor Carlos Álvarez Méndez y el señor José Arturo Álvarez Gallardo presentaron una *Contestación a Tercera Demanda*

---

[3] Véase Entrada Núm. 5 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[4] Íd., Entrada Núm. 6 en SUMAC-TA.
[5] Véase Entrada Núm. 1 en SUMAC-TPI.
[6] Íd., Entrada Núm. 182.

*Enmendada.*[7] Estos alegaron que en todo momento actuaron conforme a derecho y al negocio jurídico que rige el fideicomiso.

En la misma fecha, Méndez & Co Inc., presentó una *Contestación a "Tercera Demanda Enmendada".*[8] Por su parte, alegó que no es fideicomitente, fiduciario ni tiene participación alguna en la administración del fideicomiso, sino que es una persona jurídica totalmente separada e independiente.

Tras varios trámites procesales, el 28 de febrero de 2025, la parte recurrida presentó una *Solicitud de Sentencia Sumaria Parcial para que se declare que Méndez & Co., no es acreedora del tratamiento contributivo de entidad conducto y solicitud de vista oral consolidada para el 7 de mayo de 2025.*[9] En síntesis, alegó que la única controversia era determinar si Méndez & Co., Inc. podía o no reclamar el tratamiento fiscal como corporación de individuos o entidad conducto y transferir las incidencias de la tributación corporativa a los beneficiarios del Fideicomiso de Méndez & Co., Inc. La parte recurrida solicitó que se determinara la improcedencia de dicho reclamo.

Entre tanto, el 29 de abril de 2025, Méndez & Co., Inc. presentó una *Moción para compeler descubrimiento de prueba bajo la Regla 34.2 de Procedimiento Civil.*[10] En lo pertinente, indicó que el 21 de enero de 2025, notificó un *Segundo Pliego de Interrogatorios y Requerimiento de Producción de Documentos* mediante el cual solicitó, entre otras cosas, la producción de las planillas de contribución sobre ingresos de los años 2018 al presente y el Formulario 480 relacionado a la contribución sobre ingresos de los beneficiarios del Fideicomiso. Alegó que, a pesar de los múltiples requerimientos, la parte recurrida se niega a producir información

---

[7] Íd., Entrada Núm. 228.
[8] Íd., Entrada Núm. 229.
[9] Íd., Entrada Núm. 296.
[10] Íd., Entrada Núm. 309.

que no es privilegiada y es pertinente conforme a las alegaciones de la *Tercera Demanda Enmendada*.

Ese mismo día, la parte peticionaria presentó una *Oposición a Moción de Sentencia Sumaria Parcial en SUMAC #296.*[11] En resumen, alegó que la parte recurrida no tiene legitimación activa para impugnar el tratamiento contributivo de Méndez & Co., Inc., ni el TPI tiene jurisdicción para adjudicar la legalidad de dicho tratamiento, así como arguyó que Méndez & Co., Inc. cualifica como corporación de individuos o entidad conducto.

El 16 de mayo de 2025, la parte recurrida presentó una *Oposición a Moción para compeler descubrimiento de prueba bajo la Regla 34.2 de Procedimiento Civil y Solicitud de Orden Protectora.*[12] Adujo que el hecho de que se reclamen daños económicos en la demanda no convierte en descubrible la información financiera de la parte, incluyendo lo que son las planillas de contribución sobre ingresos, solicitadas en este caso, razón por la cual objetaron su producción. Manifestó que dicho requerimiento constituye una sobreutilización de los mecanismos de descubrimiento de prueba porque inquiere más información de la necesaria.

El 23 de mayo de 2025, la parte peticionaria presentó una *Réplica a "Oposición para compeler descubrimiento de prueba bajo la Regla 34.2 se(sic) Procedimiento Civil y Solicitud de orden protectora.*[13] Consecuentemente, el 29 de mayo de 2025, la parte recurrida presentó una *Dúplica a Réplica a "Oposición para compeler descubrimiento de prueba bajo la Regla 34.2 de Procedimiento Civil y Solicitud de orden protectora.*[14]

El 10 de junio de 2025, la parte peticionaria presentó una *Respuesta Urgente de los demandados a la dúplica de los*

---

[11] Íd., Entrada Núm. 312.
[12] Íd., Entrada Núm. 328.
[13] Íd., Entrada Núm. 337.
[14] Íd., Entrada Núm. 345.

*demandantes (SUMAC 345).*[15] El 11 de junio de 2025, la parte recurrida presentó una *Urgente rspuesta(sic) a respuesta urgente a dúplica (SUMAC 357) y Solicitud de orden protectora.*[16] Mediante los múltiples escritos, la parte peticionaria reiteró su solicitud para la producción de los documentos, mientras que la parte recurrida se opuso arguyendo que la información solicitada está disponible por medios menos invasivos.

El 13 de junio de 2025, el TPI emitió un *Orden* en la que declaró No Ha Lugar la solicitud de la parte peticionaria para descubrir las planillas de contribución sobre ingresos de la parte recurrida.[17] El foro primario concluyó que dicha información no era pertinente a las controversias del caso. Determinó que, aunque el contenido de las planillas no es de carácter privilegiado y, por ende, no es inmune al procedimiento de descubrimiento de prueba, no pueden ser objeto de un descubrimiento indiscriminado.

Oportunamente, el 1 de julio de 2025, la parte peticionaria presentó una *Moción de Reconsideración de Orden (SUMAC 362)*, alegando que la denegatoria del TPI los pone en desventaja porque no podrían obtener la evidencia que necesitan para defenderse de las alegaciones de la parte recurrida.[18]

El 4 de julio de 2025, la parte recurrida presentó una *Oposición a Moción de Reconsideración (SUMAC 375)*, en la que arguyó que la *Orden* protegió sus derechos constitucionales por lo que la Moción de Reconsideración debe denegarse.[19]

El 23 de julio de 2025, la parte peticionaria presentó una *Réplica a "Oposición a Moción de Reconsideración (SUMAC 375)".*[20] Mientras que, el 28 de julio de 2025, la parte recurrida presentó una

---

[15] Íd., Entrada Núm. 357.
[16] Íd., Entrada Núm. 360.
[17] Íd., Entrada Núm. 362. Notificada y archivada digitalmente en autos el 16 de junio de 2025.
[18] Íd., Entrada Núm. 375.
[19] Íd., Entrada Núm. 378.
[20] Íd., Entrada Núm. 393.

*Dúplica a "Réplica a Oposición de Moción de Reconsideración Parcial (SUMAC 393).*[21]

El 22 de septiembre de 2025, el TPI emitió una *Resolución* en la que declaró No Ha Lugar la reconsideración.[22]

Inconforme con la determinación del TPI, la parte recurrida presentó una *Petición de Certiorari* en la que formuló el siguiente señalamiento de error:

> ERRÓ EL TPI AL NO PERMITIR EL DESCUBRIMIENTO DE LAS PLANILLAS DE LOS DEMANDANTES-RECURRIDOS TODA VEZ QUE EN LA TERCERA DEMANDA ENMENDADA ALEGAN PÉRDIDA ECONÓMICA Y UN "EFECTO ECONÓMICO" PERJUDICIAL POR LA ELECCIÓN DE MÉNDEZ DE TRIBUTAR COMO ENTIDAD CONDUCTO Y SOLICITAN DAÑOS.

La parte peticionaria alegó que el TPI actuó con prejuicio, parcialidad y error manifiesto al malinterpretar las alegaciones de la *Tercera Demanda Enmendada* y el derecho aplicable, debido a que la parte recurrida está poniendo en controversia su capacidad económica y que, por esa razón, las planillas son relevantes y se debe ordenar su producción. Argumentó que negarles el acceso a las planillas les impide refutar la base misma del alegado daño, distorsionando el proceso y privándoles de su derecho a una defensa efectiva. Por lo que, solicitó que se expida el recurso y se ordene la producción de las planillas de la parte recurrida, del 2018 hasta el presente, a fin de garantizarles un litigio justo y transparente.

Por su parte, el 24 de octubre de 2025, la parte apelada presentó una *Moción de Desestimación de Petición de Certiorari por Falta de Jurisdicción.* En síntesis, alegó que el recurso de epígrafe debe ser desestimado porque se trata de una orden sobre el manejo del descubrimiento de prueba por lo que no es susceptible de revisión al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Arguyó que no hay ninguna excepción aplicable bajo

---

[21] Íd., Entrada Núm. 398.
[22] Íd., Entrada Núm. 427.

la referida Regla, sino que se trata de un asunto interlocutorio que forma parte de un caso con múltiples controversias. Además, alegó que la parte peticionaria no ha demostrado que exista un caso extremo ni una grave injusticia. Adujo que se trata de un asunto discrecional del TPI sobre el manejo del descubrimiento de prueba y que no debemos intervenir.

Por último, el 3 de noviembre de 2025, la parte peticionaria presentó una *Oposición a "Moción de Desestimación de Petición de Certiorari por Falta de Jurisdicción.* En esta, arguyó que este Tribunal sí tiene jurisdicción para revisar la *Orden* recurrida si dentro de su discreción determina expedir el recurso. Adujo que la determinación recurrida cumple con el estándar de revisión de las determinaciones interlocutorias comprendidas en la Regla 52.1 de Procedimiento Civil, *supra,* porque a su juicio esperar a la apelación constituye un fracaso irremediable a la justicia.

En adelante, pormenorizaremos el derecho aplicable al presente recurso.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC****,* 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al v. BBVAPR****,* 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop****,* 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1,[23] establece las instancias en las que el foro revisor posee autoridad

---

[23] Esta Regla dispone que:
    El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia,

para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corp. et al.,*** 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que se trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. Caguas v. JRO Construction, Inc.***, 201 DPR 703 (2019).

Si el auto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo análisis. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, ***In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025), establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[24]

---

solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

[24] Esta Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**B.**

La Regla 23.1 de Procedimiento Civil, *supra*, R. 23.1, regula el amplio alcance que poseen las partes en el descubrimiento de prueba, el cual se permite sobre cualquier materia no privilegiada que sea pertinente al caso en controversia.

En esencia, el descubrimiento de prueba es el mecanismo disponible para que las partes obtengan hechos, documentos y otras cosas que están en poder de la otra o que son del exclusivo conocimiento de esta y son necesarias para hacer valer sus derechos. ***McNeil Healthcare v. Mun. Las Piedras II,*** 206 DPR 659, 672 (2021), citando a I. Rivera García, <u>Diccionario de términos jurídicos</u>, 3ra ed. rev., San Juan, Ed. LexisNexis, 2000, pág. 70. Como mecanismo, responde al principio básico de que las partes tienen derecho a descubrir, previo al juicio, toda la información relacionada con su caso, independientemente de quién la posea. ***Rivera y otros v. Bco. Popular***, 152 DPR 140, 152 (2000). Por eso, las normas que lo gobiernan tienen como propósito: (1) precisar los asuntos en controversia; (2) obtener evidencia para utilizarla en el juicio, y así evitar sorpresas en esa etapa de los procedimientos; (3) facilitar la búsqueda de la verdad; y (4) perpetuar la evidencia. Íd.

Nuestro más alto foro ha resuelto que el descubrimiento de prueba ha de ser amplio y liberal, lo cual es valioso y necesario porque su buen uso acelera los procedimientos, propicia las transacciones, evita las sorpresas indeseables en el juicio en su

---

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

fondo y permite flexibilidad y cooperación entre las partes. (Citas omitidas). ***McNeil Healthcare v. Mun. Las Piedras II,*** supra, págs. 672-673; ***Vicenti v. Saldaña,*** 157 DPR 37, 54 (2002); ***Rivera y Otros v. Bco. Popular***, supra, pág. 153; ***Lluch v. España Service Sta.,*** 117 DPR 7299, 743 (1986); ***Sierra v. Tribunal Superior,*** 81 DPR 554, 560 (1959). Cónsono con ello, los foros primarios tienen amplia discreción para regularlo, mientras que los foros apelativos no deben intervenir con esa discreción, a menos que medie prejuicio, parcialidad o error manifiesto en la aplicación de normas procesales o sustantivas. Íd., pág. 672; ***Rivera y otros v. Bco. Popular,*** supra, págs. 153-154.

El descubrimiento de prueba relacionado con la condición económica de alguna de las partes no deberá permitirse, excepto cuando esté en controversia. ***General Electric v. Concessionaries, Inc.***, 118 DPR 32, 43 (1986). No obstante, cuando la condición económica este en controversia, el tribunal podrá limitarlo a aquello que sea estrictamente necesario. Íd.

**IV.**

El foro primario determinó que las razones esbozadas por la parte peticionaria para que se descubran las planillas no son pertinentes a la controversia de marras por lo que declaró No Ha Lugar dicha solicitud. Concluyó que los daños alegados por el trato contributivo no son de merma de ingresos *per se* sino por el efecto económico de estructura contributiva de la que la parte recurrida alega que infringe el contrato de fideicomiso.

La parte peticionaria alegó que las planillas sobre contribución de ingresos son la mejor y única evidencia para defenderse de las alegaciones del supuesto daño económico y otros daños sufridos por la parte recurrida. Por lo cual, solicitó que se ordene su producción.

En cambio, la parte recurrida arguyó que se trata de un asunto que no es revisable por este Tribunal o, en la alternativa, que la información solicitada es impertinente a la controversia. Asimismo, manifestó que la parte peticionaria tiene otras alternativas menos invasivas para obtener dicha información.

Tras un análisis objetivo, sereno y cuidadoso del expediente y de la petición de *certiorari,* y a la luz de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* resolvemos que debemos abstenernos de ejercer nuestra función revisora discrecional y rechazar intervenir con la determinación del TPI. La determinación recurrida no arroja error alguno que amerite nuestra intervención, en esta etapa de los procedimientos, por lo que no intervendremos con el manejo del caso que ha establecido el TPI. El foro primario cumplió con la normativa vigente en cuanto a que no se debe permitir el descubrimiento de prueba de la información financiera de una parte, si no es un asunto en controversia, en cuyo caso podrá limitarse a lo estrictamente necesario.

**V.**

Por los fundamentos pormenorizados, se deniega la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones